IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID BENNETT,<br><br>  Petitioner,<br><br>  v.<br><br>JEFF REISIG, et al.,<br><br>  Respondents. | No. 2:25-CV-2103-DMC-P<br><br><br>ORDER |

David Bennett, a prisoner proceeding pro se, brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Pending before the Court is Petitioner's original petition, ECF No. 1.

As a pretrial detainee, petitioner is not in custody "pursuant to the judgment of a state court" within the meaning of 28 U.S.C. § 2254 and instead brings the habeas petition under 28 U.S.C. § 2241(c)(3). See McNeely v. Blanas, 336 F.3d 822, 824 n. 1 (9th Cir. 2003). In screening the habeas petition brought under 28 U.S.C. § 2241, the court applies the Rule 4 framework of the Rules Governing Section 2254 Cases in the United States District Courts. See 28 U.S.C. foll. § 2254, Rule 4; see also Id., Rule 1(b) ("The district court may apply any or all of these rules to a habeas corpus petition not covered by Rule 1(a).").

///

///

1

1         Here, the petition does not contain a statement of facts to allow the Court to
2 determine whether he has stated a cognizable claim for federal habeas relief in violation of Rule
3 2(c) (1)-(3), which requires that the petition "(1) specify all the grounds for relief available to the
4 petitioner; (2) state the facts supporting each ground; (3) state the relief requested . . . [(4) and (5)
5 omitted]." Rules Governing Section 2254 Cases in the United States District Courts, Rule 2(c)
6 (1)-(3).

7         Petitioner asserts his Sixth Amendment Right to self-representation and right to
8 counsel is violated. See ECF No. 1, pg. 1. Petitioner asserts this violation is occurring

> by way of death threats . . . causing bodily injury by omission. With law enforcement and prosecution intentionally eavesdropping with Everyday Death Threats Desuading (sic) me as a Witness and Tampering with my lawsuit in federal court using Jailhouse Informants Emergency Button Cell Intercom, Officers, Medical staff, security camera room . . . discussing private health information, criminal case, lawsuit, and grievance. Telling me to stop snitching with Death Threats eavesdropping on attorney-client privilege communication. . .

13 Id. at 1-2.

14         Petitioner requests dismissal of "all criminal charges" and provides four case
15 numbers for criminal actions that name Petitioner as a Defendant.[1] Id. at 2. Petitioner additionally
16 requests "for removal," citing 18 U.S. Code § 1503, and "a hearing on District Attorney Jeff
17 Reisig and Tom Lopez failure to provide discovery." Id. at 2-3. Petitioner contends that such
18 discovery includes audio recordings of the death threats Petitioner received and exculpatory
19 impeachment evidence for Petitioner's self-defense claim. See id. at 3. Petitioner asserts a
20 violation of his Fourth Amendment rights, citing "coercion excessive force torture causing
21 everyday sleep deprivation . . ." Id.

22         The petition is unclear as to what Petitioner is detained for, which violations are
23 associated with that detention, and whether these allegations are suitable for a § 2241 petition.
24 Accordingly, Petitioner will be provided an opportunity to amend. Petitioner is cautioned that

---

[1] This Court takes judicial notice of the Yolo County Superior Court Docket in case numbers CR2024-1951 (consolidated with CR2023-0488 on June 4, 2025) CR2023-0488 (trial set for October 27, 2025), CR2023-1693 (charges dismissed April 26, 2024), and CR2021-2111 (docket states the matter is closed but there is also a jury trial set for October 27, 2025). Petitioner provided the numbers for these actions and the docket reflects that Petitioner is the Defendant named in each of those cases.

failure to file a second amended petition within the time permitted therefor may result in dismissal of the entire action for lack of prosecution and failure to comply with Court rules and orders. See Local Rule 110.

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's original petition, ECF No. 1, is dismissed with leave to amend;

2. Petitioner shall file a first amended petition on the form provided within 30 days of the date of this order; and

3. The Clerk of the Court is directed to forward to Petitioner the court's form petition for state prisoners.

Dated: October 14, 2025

DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE