IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID BENNETT,<br><br>        Petitioner,<br><br>    v.<br><br>JEFF REISIG, et al.,<br><br>        Respondents. | No.  2:25-CV-2103-TLN-DMC-P<br><br>ORDER<br><br>And<br><br>FINDINGS AND RECOMMENDATIONS |

        David Bennett, a prisoner proceeding pro se, brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Pending before the Court are Petitioner's motion to file under seal, ECF No. 8, motions to appoint counsel, ECF Nos. 10 and 13, motion for reconsideration, ECF No. 11, Petitioner's first amended petition, ECF No. 12, and Petitioner's supplemental complaint and motion for preliminary injunction, ECF No. 14.

**I. BACKGROUND**

        This Court dismissed the original petition with leave to amend on October 15, 2025, finding the petition did not contain a statement of facts to allow the Court to determine whether he has stated a cognizable claim for federal habeas relief pursuant to § 2241. See ECF No. 9. Throughout October 2025, into November 2025, Petitioner filed several motions, an amended Petition, and a supplemental petition.

1

**A.     Motion to File Under Seal, ECF No. 8**

Petitioner filed a motion to file under seal, ECF No. 8, requesting "to file the 32 page motion for removal under seal attaching its attachments due to lack of envelope space." ECF No. 8, pg. 1. Under a section titled "Relief," Petitioner requests to "seal the entire case because Petitioner justified why he is an F.B.I. agent. To protect him from retaliation for him working with law enforcement." Id. at 5. Plaintiff additionally requests "to unseal 'Bennet v. Lopez' medical records under USCS 553 to support this case for 'SLAPP.'" Id.

**B.     Motions for Appointment of Counsel, ECF Nos. 10 and 13**

In his first motion to appoint counsel, Petitioner contends he "is under a terrorist attack and cyber attacks." ECF No. 10, pg. 1. Petitioner alleges an ongoing pattern of harassment that has resulted in Petitioner "fear[ing] for my life since 2022 to 2025 now." Id. at 3. Petitioner describes circumstances he is experiencing and threats he has received while being incarcerated and before his incarceration. See id. at 3-8. Petitioner discusses his "First Amendment right to self-represent," and asserts such right is being violated. Id. at 7. Petitioner contends he "need[s] appointment to help me get a re-trial in CR23-1693 weapons case." Id. Petitioner additionally asserts that at trial, his "counsel was ineffective for not respecting my request to testify at trial." Id. Petitioner concludes by "requesting for guidance from this court on how I may be able to re-try this case and get my denied trial, I need attorney to help with conflicting testimony and apply for jury trial in this petition." Id.

In Petitioner's subsequent motion to appoint counsel, Petitioner describes the conditions of his confinement, stating that he suffers from sleep deprivation due to "T.V. police [] blasting all night." ECF No. 13, pgs. 1-2. Petitioner contends the extraordinary circumstances that require appointment of counsel are "mental and emotional distress" and that he is at "risk of irreparable harm. Id. at 6-7. Petitioner attached exhibits to the motion, including a letter from the Yolo County Sheriff's Office, confirming his public records request for jail phone call recordings, a "time schedule order" from the Ninth Circuit Court of Appeals, and a blank copy of a "Survey of Health Care at the Yolo County Jail." Id. at 8-12.

///

**C.	Motion for Reconsideration, ECF No. 11**

In his motion for reconsideration, ECF No. 11, Petitioner contends that this Court's dismissal of Petitioner's original petition was a mistake because

> you did not find, and the state did not Answer to argue, that my claims were procedurally barred. Unclear as to what I am detained for, which violations are associated with my detention, and whether my allegations are suitable for a §2241 as required under Rule 4 for you not to make that argument.

ECF No. 11, pgs. 2-3.

Petitioner then describes his underlying claims as "ineffective assistance of counsel claims and right to self-represent 1st amendment claims right to redress and right to petition the courts." Id. at 3. Petitioner contends he has no access to paper and is required to trade food to get paper to write his court filings. Id. at 5. Petitioner additionally argues his claims are not frivolous and requests the Court to take judicial notice "to avoid dismissal" because Petitioner does not have access to his files and therefore must rely on his memory to know what he previously filed. Id.

**D.	Amended Petition, ECF No. 12**

Petitioner filed an amended petition on October 31, 2025. See ECF No. 12. Petitioner contends he is challenging his pretrial detention pursuant to § 2241, "challenging the legality of criminal charges arising from a Terrorist Attack labeling Petitioner as a snitch." Id. at 1. The 104-page petition describes Petitioner's conditions of confinement and alleges various violations throughout Petitioner's incarceration. See id. Petitioner states that staff at the jail where he is being held have released Petitioner's "arrest and medical records to other inmates." See id. at 2. Petitioner contends that "everyday Amber Alerts accusing me of future criminal conduct sexually harassing me with Death Threats demanding me to stop snitching in my pro-per status by eavesdropping without a warrant." Id. at 2-3. Petitioner asserts he is subject to "non-consensual communication" with the F.B.I., corrections staff, police, and medical staff. Id. at 3.

Petitioner asserts he challenges "the legality of his criminal charges medical being used for Terrorist attack denying right to appeal PC§1367-1372 competency proceedings interference violating his right to a criminal speedy trial resulting to First Amendment Retaliation

3

violating due process to a fair criminal trial bringing a number of federal law violations." Id. at 5. Petitioner requests the Court exercise supplemental jurisdiction over state law claims, combine claims related to an "attorney contempt disciplinary proceeds" and then proceeds to cite a number of Constitutional rights, California statutes, and case law. Id. at 5-7. Petitioner contends "most claims are exhausted" and repeats his allegations about a "terrorist attack" and individuals purporting to be F.B.I. agents, blasting music "nonstop," death threats, "sexual harassment bribing me for sex to dissuade me as a witness tampering. . ." Id. at 10-11. Petitioner then raises issues relating to the privacy of his medical information, an improper civil commitment, violations of his Miranda rights and attorney-client privilege, right to self-represent, access to courts, and monitoring of his communications. See id. at 11-20.

        In a section titled "procedural default," Petitioner alleges that his jailhouse attorney is "snitch[ing]" on Petitioner and sharing private health information as part of a terrorist attack. Id. at 21. Petitioner then describes the conditions of the jail, alleging "unfair treatment, abuse, and oppression," being subjected to a 23-hour lockdown, the need for a "jailhouse lawyer-inmate privilege," opening his cell without notice, and other violations. Id. at 21-35. In the next section, titled "Charges and Police Reports," Petitioner describes what appears to be the charges against him, labeling some as "controling [sic] case" and three others as "in custody case[s]." Id. at 36-43.

        Petitioner raises eleven grounds for relief, as follows: (1) "Fourth Amendment violation of privacy and right to refuse medication without a warrant or court order while impersonating an FBI online crime reporting center;" (2) "relief for procedural default in [five case numbers omitted] for interference First Amendment retaliation terrorist attack violating Due process;" (3) Sixth Amendment ineffective assistance of counsel "for denying right to self-represent, right to speedy trial, failure to investigate, legal malpractice, malicious prosecution, bribery and extortion by illegal money transaction . . .;" (4) Fifth Amendment violation "by self-incrimination and false confession, false testimony, false plea, coerced conviction, coerced civil commitment, mock trials for false involuntary medication to intimidate and punish, fraud, stolen property, and theft by extortion . . .;" (5) violation of Racial Justice Act "for wiretap making

public announcements as amber alerts labeling me as a snitch and nigger . . .;" (6) violation of the California Public Records Act; (7) Legal malpractice "for abuse of process with revictimization;" (8) First Amendment violation "right to vote, freedom of expression and trade secrate [sic], right to self-representation and right to access court . . .;" (9) violation of freedom of information act; (10) Violation of Fourteenth Amendment due process clause and equal protection clause; and (11) Federal SLAPP Motion for first amendment retaliation.  Id. at 43-55

The next section, titled "state of claim/chain of events," Petitioner describes "cyber attack webcast of cyber bullys controling [sic] what I think shocking me every day with lethal injections . . ." Id. at 55. Petitioner again makes allegations of illegal monitoring of his communications and technology, and use of such technology to "cary [sic] out torture in its terrorist attack." Id. at 58.  Petitioner then describes the circumstances surrounding the charges filed against him, asserting the carjacking violation arose because he "was human trafficing [sic] with the F.B.I. who was extorting me with threats." Id. at 60. Petitioner provides additional context for that charge and alleges that he is unable to access information about his cases and his attorney is lying about a conflict of interest. See id. at 60-66. Petitioner makes allegations against a number of individuals, who are not named Respondents nor appear to be related to the charges against Petitioner. See id. at 64-68. In the following pages, Petitioner describes charges against him, making allegations such charges were "in retaliation," questions why he is reported as a sex offender, alleges a failure to disclose evidence, violations of his privacy, and other allegations about the legal process Petitioner experienced. Id. at 69-85. Petitioner then describes conditions of his confinement, alleging he is given water that "is black and undrinkable," which resulted in Petitioner suffering from dehydration, while receiving no medical attention. Id. at 86-87.

In the final pages of the petition, Petitioner asserts his "legal argument," which includes allegations of torture, impersonating F.B.I., racial profiling, ineffective assistance of counsel, among others. Id. at 99-103.  For relief, Petitioner requests the Court "grant each ground for claim made . . . appoint counsel to certify as a class action with preliminary injunction to stop the ongoing terrorist attack and competency proceedings," "grant relief for illegal search and seizure," dismissal of charges against him, declaratory relief, damages, unseal medical records,

attorneys fees, and administrative relief to file. Id. at 103-104. Attached to the petition is an "authorization for use or disclosure of protected health information" and other medical documents. See ECF No. 12-1.

### E. Supplemental Complaint and Motion for Preliminary Injunction, ECF No. 14

Petitioner filed a supplemental complaint and motion for preliminary injunction on November 5, 2025. See ECF No. 14. Petitioner requests this Court take judicial notice of a §1983 action Petitioner filed in this District, case no. 2:25-cv-01283-DAD-EFB, regarding "opening and reading my legal mail to retaliate." Id. at 1. Petitioner contends that he is suffering from "severe dehydration [sic] and stomic failure to to amy [sic] death threats illegally putting me on SISO Interrogation labeling me as a snitch, nigger, and child molester making false medical checks during hunger confrontation resulting to 7 day hospitalization." Id. at 2. Petitioner cites to an additional case he filed in this District, case no. 2:22-cv-02157-DJC-SCR, asserting that records in that case "states I refused medication due to blackouts, dizziness, lack of energy, shortness of breath, and overweight." Id. at 3. Petitioner contends his situation arises from an "illegal government experiment with death threats . . ." Id. Petitioner then states that he received threats from the F.B.I. telling him to not report crimes committed against him. See id. at 4. Next, Petitioner describes a number of instances where he reported crimes, including Atascadero State Hospital and Patton State Hospital, against the U.S. Military and California Police Officer Trainer Alen Smith, San Juaquin County Jail. See id. at 4-6.

Petitioner states that he was scheduled for a competency trial on October 27, 2025, and was willing to attend but was denied a trial on that date. See id. at 6. Petitioner requests a preliminary injunction "for death threats denying me 10-27-25 trial." Id. Petitioner contends that people are opening his cell door, giving him death threats, trying to start a fight, and opening his legal mail. See id. at 7-8. Petitioner requests to "add self-defense as grounds for relief in First Amended Complaint" and a preliminary injunction "for abuse of process denying me 10/27/25 competency trial without notice or hearing" and also "to stop competency proceedings to prevent obstruction of justice raised in this filing . . ." Id. at 9-10. Petitioner attached a "pro-se supplement letter in brief" stating that "this case is not moot because recurring is taking place

6

1  now for refusing to take medication when the one year max expired and not because I am

2  incompetent." Id. at 11. Petitioner additionally attached what appears to be blood test results and

3  a grievance he filed on October 7, 2025, about his door being opened and officers recording him

4  to "intimidate and harass me for being pro-per in Federal Court." Id. at 13-16.

## II. DISCUSSSION

For the reasons discussed herein, the undersigned will deny Petitioner's motion to file under seal, ECF No. 8, motions to appoint counsel, ECF Nos. 10 and 13, and motion for reconsideration, ECF No. 11. Additionally, Petitioner will be granted leave to file a second amended petition, to address the deficiencies and consolidate his claims into one filing. Finally, the undersigned will recommend denial of Petitioner's motion for injunctive relief, ECF No. 14.

### A.   Motion to File Under Seal, ECF No. 8

Under Eastern District of California Local Rule 141(a), the court may file documents under seal upon a request making the showing required by applicable law. Under Local Rule 141(b), any request to seal documents shall set forth the statutory or other authority for sealing. In Petitioner's request, Petitioner asks that his filing be sealed "due to privacy concerns about Petitioner (1) identifying himself as a F.B.I. agent." ECF No. 8, pg. 3. Petitioner additionally cites to HIPAA[1] but requests "this court to unseal medical records" and raises an issue with "not unsealing" documents related to a Guardian ad litem request in another case. See id. at 3-4. Petitioner does not cite any authority in support of his request as to his status as an F.B.I. agent. Further, his reference to HIPAA protection appears to be in support of a request to unseal specific medical records, not a request to seal documents. Because Petitioner does not cite any authority in support of his requests to file under seal, the request will be denied.

/ / /

/ / /

---

[1] The Health Insurance Portability and Accountability Act (HIPAA) was designed to protect the confidentiality of private medical information by limiting disclosure to certain entities or individuals. See Webb v. Smart Document Solutions, LLC, 499 F.3d 1078, 1082 (9th Cir. 2007) (citations omitted).

7

      **B.**      <u>**Motion for Appointment of Counsel, ECF Nos. 10 and 13**</u>

There currently exists no absolute right to appointment of counsel in habeas proceedings.  See <u>Nevius v. Sumner,</u> 105 F.3d 453, 460 (9th Cir. 1996).  However, 18 U.S.C. § 3006A authorizes the appointment of counsel at any stage of the case "if the interests of justice so require."  <u>See</u> Rule 8(c), Fed. R. Governing § 2254 Cases.  In the present case, the Court does not find that the interests of justice would be served by the appointment of counsel at the present time. Therefore, the undersigned will deny Plaintiff's motion, without prejudice to renewal.

      **C.**      <u>**Motion for Reconsideration, ECF No. 11**</u>

This Court dismissed Petitioner's petition with leave to amend, finding "the petition does not contain a statement of facts to allow the Court to determine whether he has stated a cognizable claim for federal habeas relief." ECF No. 9, pg. 2. The Court further stated that "the petition is unclear as to what Petitioner is detained for, which violations are associated with that detention, and whether these allegations are suitable for a § 2241 petition." <u>Id.</u> at 2. The Court took judicial notice of Yolo County Superior Court cases where Petitioner was listed as a Defendant. However, there are a few different cases and therefore, it was not clear what Petitioner is being currently detained for and how that detention is properly challenged under § 2241, rather than § 2254.

Generally, a petitioner who wishes to challenge the legality of his state conviction or sentence must file a 28 U.S.C. § 2254 petition. Some examples of cases that should be filed under 28 U.S.C. § 2241 rather than 28 U.S.C. § 2254 or 28 U.S.C. § 2255 include challenges to: (1) pretrial detention, <u>see</u> <u>McNeely</u>, 336 F.3d at 824 n.1; (2) parole decisions, <u>see</u> <u>Tyler v. United States</u>, 929 F.2d 451, 453 n.5 (9th Cir. 1991); (3) sentencing credits, <u>see</u> <u>Giddings</u>, 740 F.2d at 772; and (4) immigration decisions, <u>see</u> <u>St. Cyr</u>, 533 U.S. at 314; <u>Magana-Pizano v. INS</u>, 200 F.3d 603, 609 (9th Cir. 1999).

Thus, to determine if the petition is properly brough under § 2241, the Court needs information that here, Petitioner did not provide in his original petition. Petitioner requests reconsideration "to avoid dismissal." ECF No. 11, pg. 5. Petitioner was given the opportunity to remedy the defects identified in an amended petition by providing the Court with the facts that

8

give rise to a § 2241 action. Thus, any relief available by way of reconsideration, the opportunity to present his petition, was afforded to Petitioner. Indeed, Petitioner filed an amended petition and a supplemental petition, which the Court will address next. Accordingly, the undersigned will recommend Petitioner's the motion for reconsideration, ECF No. 11, be denied as moot.

### D.     Amended Petition, ECF No. 12

As Petitioner stated, this Court's records reflect that Plaintiff initiated another action in this Court based on virtually identical allegations. See Bennett v. Lopez, Eastern Dist. Cal. case no. 2:23-cv-02885-TLN-CKD (herein Bennett I).[2] After a close examination of the Petitioner's instant petition and court records from Bennett I, the undersigned finds that Petitioner's a number of the allegations in the instant petition are almost identical to, and therefore duplicative of, the claims raised in Bennett I. Some factual allegations, timelines, defendants, and causes of action in both actions appear to be substantively the same. See Fed. R. Civ. P. 41(b); see also Adams v. Cal. Dep't of Health Servs., 487 F.3d 684, 688-89 (9th Cir. 2007) (plaintiffs generally have no right to maintain two separate actions involving the same subject matter at the same time in the same court and against the same defendant); overruled on other grounds by Taylor v. Sturgell, 553 U.S. 880, 904 (2008); Higgins v. Medina, 2007 WL 4258362, at *1 (E.D. Cal. Dec. 3, 2007) (dismissing complaint as duplicative of complaint filed in separate action).

Further, in Bennett I, Petitioner was informed that his claims "do not sound in habeas because they do not affect the fact or duration of his confinement." Bennett I, ECF No. 30, pg. 4 (citing Nettles v. Grounds, 830 F.3d 922, 927 (9th Cir. 2016) (en banc) (finding that conditions of confinement claims generally must be raised in an action for violation of Civil Rights under 42 U.S.C. §1983, not a petition for writ of habeas corpus)). In Bennett I, Petitioner requested that the Court convert his habeas petition into a Civil Rights action pursuant to 42 U.S.C. § 1983. See Bennett I, ECF No. 30, pg. 3. The Court in Bennett I declined to convert that

---

[2] The Court may take judicial notice of court records. See MGIC Indem. Co. v. Weisman, 803 F.2d 500, 505 (9th Cir. 1986); United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980).

action from habeas to a §1983 Civil Rights action, citing that Petitioner has a number of ongoing §1983 actions in this District, which demonstrates that Petitioner knows how to properly file a Civil Rights complaint. Id. at 5.

In the instant case, Petitioner again largely challenges the conditions of his confinement, rather than the fact or duration of his confinement. Further, the relief requested is a mix of the type of relief sought in a §1983 action, such as damages, and habeas relief, dismissal of charges against him. To the extent that Petitioner does challenge the fact or duration of his confinement, it is difficult for the Court to discern what those claims are due to the lengthy descriptions, unrelated allegations, and multiple filings.

Given the apparent duplicative nature of claims in the present action, that the petition appears to challenge the conditions of confinement, rather than raise a habeas claim, and Petitioner's filing of an amended petition, ECF No. 12, and supplemental petition, ECF No. 14[3], the undersigned will allow Petitioner to file a second amended petition on the form provided by the court. Petitioner is advised that the second amended petition is an opportunity to show how his allegations in the instant action are distinct from those in Bennett I and raise all relevant habeas claims, rather than §1983 Civil Rights causes of action.

To facilitate filing an amended petition and in response to Petitioner's statement that he does not have access to paper, the Court will again direct the Clerk of the Court to provide Petitioner with the Court's form petition for state prisoners. Petitioner shall file an amended petition on the form employed by this Court, and which states all claims and requests for relief, within 30 days of the date of this order. Petitioner is warned that failure to comply with this order may result in the dismissal of this action. See Local Rule 110.

E.   **Supplemental Complaint and Motion for Preliminary Injunction, ECF No. 14**

The legal principles applicable to requests for injunctive relief are well established. To prevail, the moving party must show that irreparable injury is likely in the absence of an injunction. See Stormans, Inc. v. Selecky, 586 F.3d 1109, 1127 (9th Cir. 2009) (citing Winter v.

---

[3]   The Court notes that while Petitioner had leave to amend to file a first amended petition, he did not request nor was granted leave to file a supplemental petition.

Natural Res. Def. Council, Inc., 129 S.Ct. 365 (2008)).  Under Winter, the test requires a party to demonstrate: (1) he is likely to succeed on the merits; (2) he is likely to suffer irreparable harm in the absence of an injunction; (3) the balance of hardships tips in his favor; and (4) an injunction is in the public interest.  See Stormans, 586 F.3d at 1127 (citing Winter, 129 S.Ct. at 374).  The Ninth Circuit also recognizes an additional standard: "if a plaintiff can only show that there are 'serious questions going to the merits' – a lesser showing than likelihood of success on the merits – then a preliminary injunction may still issue if the 'balance of hardships tips sharply in the plaintiff's favor, and the other two Winter factors are satisfied.'"  See Shell Offshore, Inc. v. Greenpeace, Inc., 709 F.3d 1281, 1291 (9th Cir. 2013) (quoting Alliance for the Wild Rockies v. Cottress, 632 F.3d 1127, 1135 (9th Cir. 2011)).

To prevail on a motion for injunctive relief, "there must be a relationship between the injury claimed in the motion for injunctive relief and the conduct asserted in the underlying complaint." Pac. Radiation Oncology, LLC v. Queen's Medical Ctr., 810 F.3d 631, 636 (9th Cir. 2015).  Thus, there must be a nexus between the claims raised in the motion and the claims in the underlying complaint itself.  See id.  This nexus is satisfied where the preliminary injunction would grant "relief of the same character as that which may be granted finally." See id. (quoting De Beers Consol. Mines, 325 U.S. 212, 220 (1945)).

Here, Petitioner contends that he is suffering from starvation and dehydration due to the death threats. See ECF No. 14. Petitioner requests a preliminary injunction "for abuse of process denying me 10/27/25 competency trial without notice or hearing" and also "to stop competency proceedings to prevent obstruction of justice raised in this filing . . ." Id. at 9-10. It is not clear to the Court which relief Petitioner is requesting and the requested relief appear to conflict with one another. Further, Petitioner fails to show a nexus between the injury claimed, starvation and dehydration, and the conduct asserted, death threats. Additionally, there does not appear to be any relationship between Petitioner's claimed injury, starvation and dehydration, and the relief he requested, either having a competency hearing or proceeding without a competency hearing. As such, the undersigned will recommend denying Petitioner's motion for preliminary injunction, ECF No. 14.

### III. CONCLUSION

Accordingly, IT IS HEREBY ordered and recommended that:

1. It is ORDERED that Petitioner's motion to file under seal, ECF No. 8, is DENIED;

2. It is ORDERED that Petitioner's motions for appointment of counsel, ECF Nos. 10 and 13, are DENIED WITHOUT PREJUDICE to renewal;

3. It is ORDERED that Petitioner shall file an amended petition on the form employed by this court, and which names the proper respondent and states all claims and requests for relief, within 30 days of the date of this order;

4. The Clerk of the Court is directed to forward to Petitioner the court's form petition for state prisoners;

5. It is RECOMMENDED that Petitioner's motion for reconsideration, ECF No. 11, be DENIED as MOOT;

6. It is RECOMMENDED that Petitioner's motion for a preliminary injunction, ECF No. 14, be DENIED.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days after being served with these findings and recommendations, any party may file written objections with the court.  Responses to objections shall be filed within 14 days after service of objections.  Failure to file objections within the specified time may waive the right to appeal.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: November 10, 2025

DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE